Sheffield Nelson, Esq. Jack Nelson Jones Bryant, P.A.
2800 Cantrell Road, Suite 500 Little Rock, Arkansas 72202
Dear Mr. Nelson:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed initiated act. You have submitted two previous popular names and ballot titles for similar measures, one of which I rejected in Op. Att'y Gen. No. 2011-021, due to an unresolved ambiguity in the text of the measure. This office certified your other submission, as evidenced by Ops. Att'y Gen. Nos. 2011-033 and 2011-033A. You have since elected to make changes to your measure and have submitted a revised popular name and ballot title for my certification.
Your proposed popular name and ballot title are as follows:
 Popular Name
THE NATURAL GAS SEVERANCE TAX ACT OF 2012 Ballot Title AN ACT PROVIDING THAT, EFFECTIVE JANUARY 1, 2013, THE SEVERANCE TAX ON NATURAL GAS SEVERED FROM WITHIN THE STATE OF ARKANSAS SHALL BE INCREASED TO SEVEN PERCENT (7%) OF THE MARKET VALUE OF SUCH NATURAL GAS AT THE TIME IT IS SEVERED; PROVIDING THAT THE NEW SEVERANCE TAX RATE OF *Page 2 
SEVEN PERCENT (7%) OF MARKET VALUE WILL SUPERSEDE AND REPLACE THE OLD RATES PROVIDED IN ARKANSAS CODE § 26-58-111, WHICH RANGE FROM 1.25% TO 5.0%, BASED ON FOUR CATEGORIES OF NATURAL GAS DEFINED IN ARKANSAS CODE § 26-58-101, ALL OF WHICH ARE REPEALED BY THIS ACT; PROVIDING THAT ALL COST RECOVERY PERIODS FOR VARIOUS CATEGORIES OF NATURAL GAS DESCRIBED IN ARKANSAS CODE § 26-58-127 ARE REPEALED; PROVIDING THAT THIS INCREASE TO SEVEN PERCENT (7%) OF MARKET VALUE IS BEING PROPOSED TO RAISE ADDITIONAL REVENUES TO BE USED PRIMARILY IN THE CONSTRUCTION AND REPAIR OF ARKANSAS HIGHWAYS, STREETS AND ROADS; IN ACCORDANCE WITH CURRENT LAW, PROVIDING THAT 5% OF ALL TAXES, PENALTIES AND COSTS COLLECTED ON NATURAL GAS SHALL BE DEPOSITED INTO THE STATE TREASURY AS GENERAL REVENUES; PROVIDING THAT THE REMAINING 95% OF ALL NATURAL GAS SEVERANCE TAXES, PENALTIES AND COSTS SHALL BE DEPOSITED AS SPECIAL REVENUES INTO THE STATE TREASURY, IN ACCORDANCE WITH CURRENT LAW, AND DISTRIBUTED AS FOLLOWS: IN A DEPARTURE FROM CURRENT LAW, FOR THE PERIOD JANUARY 1, 2013 THROUGH JUNE 30, 2014, AND FOR EACH FISCAL YEAR THEREAFTER, THE FIRST TWENTY MILLION DOLLARS ($20,000,000) IS TO BE DEPOSITED TO THE CREDIT OF THE STATE AID STREET FUND, ARKANSAS CODE § 27-72-407, WITH THE REMAINDER TO BE DISTRIBUTED AS CURRENTLY PROVIDED BY THE ARKANSAS HIGHWAY REVENUE DISTRIBUTION LAW, ARK. CODE § 27-70-201 ET SEQ.; PROVIDING, HOWEVER, THAT IF IN A GIVEN FISCAL YEAR SUFFICIENT FUNDS ARE NOT AVAILABLE TO ACHIEVE THE TWENTY MILLION DOLLAR ($20,000,000) CONTRIBUTION TO THE STATE AID STREET FUND, WHATEVER AMOUNT IS AVAILABLE SHALL BE PAID OUT TO THE STATE AID STREET FUND FOR THAT FISCAL YEAR, LEAVING NO REMAINDER FOR THAT YEAR TO BE DISTRIBUTED UNDER THE ARKANSAS HIGHWAY *Page 3 
REVENUE DISTRIBUTION LAW; PROVIDING THAT THIS ACT SHALL BE EFFECTIVE ON JANUARY 1, 2013; PROVIDING THAT THE GENERAL ASSEMBLY SHALL ADOPT AND ENACT ANY AND ALL LAWS NECESSARY TO CARRY OUT THE INTENT OF THIS ACT; PROVIDING THAT ANY AND ALL LAWS, OR PARTS THEREOF, IN CONFLICT WITH THIS ACT ARE REPEALED; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has beengiven no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest,342 Ark. 434, 29 S.W.3d 669 (2000); Donovan v. Priest,326 Ark. 353, 931 S.W.2d (1996); and Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. SeeArkansas Women's Political Caucus v. Riviere,282 Ark. 463, 466, 677 S.W.2d 846 (1984). *Page 4 
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant,259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic ActionCommittee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that the ballot title and popular name are sufficient as submitted. They are therefore hereby certified as submitted.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the *Page 5 
signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN McDANIEL Attorney General
 *Page 1